UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

        v.                     CAUSE NO. 3:21-CV-903-JD-MGG

MARK S. LENYO,

    Defendant.

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a complaint under this court's diversity jurisdiction, alleging the attorney he hired to represent him during his State murder trial committed legal malpractice. ECF 1. The court ordered Mayberry to provide further briefing on the court's subject matter jurisdiction to establish whether he had properly alleged that the parties were of diverse citizenship and that he could meet the jurisdictional amount in controversy. ECF 15. The court concludes that his supplemental submissions have facially established that diversity jurisdiction is present. ECF 16, 17. Therefore, the complaint may proceed to screening. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"Under Indiana law, the elements of legal malpractice are: (1) employment of an attorney, which creates a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (breach of the duty); and (3) that such negligence was the proximate cause of (4) damage to the plaintiff." *Van Kirk v. Miller*, 869 N.E.2d 534, 540-541 (Ind. Ct. App. 2007) (quotation marks and citations omitted). Indiana law does not require a plaintiff to have overturned his criminal conviction or establish his innocence before proceeding with his legal malpractice claim. *Beal v. Blinn*, 9 N.E.3d 694, 702 (Ind. Ct. App. 2014); *Godby v. Whitehead*, 837 N.E.2d 146, 151 (Ind. Ct. App. 2005). Mayberry's complaint plausibly alleges that he hired Mark S. Lenyo to represent him in his State murder trial; Lenyo owed him a duty; Lenyo breached that duty by not obtaining an expert witness, failing to submit proper jury instructions, failing to object to the State's accusations of robbery, and not properly responding to the State's surprise expert witness, among other things; and as a result Mayberry was damaged. Therefore, he will be granted leave to proceed against Mark S. Lenyo for legal malpractice.

However, it is unclear how this case should proceed after the defendant has been served. Mayberry's conviction has been upheld on appeal. *Mayberry v. Indiana*, No. 20A-CR-00158, 161 N.E.3d 1256 (Ind. Ct. App. Nov. 24, 2020) (unpublished). A postconviction petition in which he raises the issue of ineffective assistance of trial counsel is currently pending in State court. *See Mayberry v. Indiana*, No. 71D03-2105-PC-8 (St. Joseph Super. Ct. filed May 6, 2021). Although Mayberry may proceed without his

conviction being overturned, Indiana courts have "recognized that a finding that counsel was not ineffective can provide the necessary identity of issues to preclude malpractice actions stemming from the same proceedings." *Godby*, 837 N.E.2d at 152. Here, Mayberry's State postconviction petition has not yet been resolved. If he does not establish there that Lenyo was ineffective, litigating this case in the interim would have been a waste of both the parties' and judicial resources. If, however, he were to prevail in this case before his State postconviction proceedings concluded, it would risk inconsistent judgments. Therefore, after Lenyo has entered an appearance, the court will set a date for the parties to brief the question of whether this case should be stayed pending the resolution of Mayberry's postconviction petition.

For these reasons, the court:

(1) GRANTS Timothy Marcus Mayberry leave to proceed against Mark S. Lenyo in his individual capacity for compensatory and punitive damages for legal malpractice while representing him in his 2019 State criminal trial;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Mark S. Lenyo at Lenyo Law with a copy of this order and the complaint (ECF 1);

(5) ORDERS Lenyo Law to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Mark S. Lenyo to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 28, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT