UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

        v.                       CAUSE NO. 3:21-CV-903-JD-JPK

MARK S. LENYO,

    Defendant.

## OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed an amended complaint under diversity jurisdiction, 28 U.S.C. § 1332, against the attorney he retained to represent him at his 2019 State murder trial. ECF 28. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The court previously allowed Mayberry to proceed "against Mark S. Lenyo in his individual capacity for compensatory and punitive damages for legal malpractice while representing him in his 2019 State criminal trial[.]" ECF 18 at 3. Mayberry then filed an amended complaint, seeking to add claims of fraud, constructive fraud, and breach of

contract.[1] However, the court declines to allow him to proceed on these duplicative theories.

A plaintiff is not prohibited from bringing claims of fraud and breach of contract with a claim for legal malpractice, even if the same facts form the basis of each claim. *See Jacob v. Vigh*, 147 N.E.3d 358, 361 (Ind. Ct. App. 2020). But those pleading labels do not control later in the case. *See Whitehouse v. Quinn*, 477 N.E.2d 270, 274 (Ind. 1985) (noting that "for limitations purposes the substance of a cause of action is ascertained by an inquiry into the nature of the alleged harm and not [by] reference to theories of recovery advanced in the complaint"); *Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1459 (7th Cir. 1996) ("[C]ourts have held repeatedly that legal malpractice claims are governed by tort principles regardless of whether they are brought as a tort, a breach of contract, or both."). And Indiana courts look at the "substance of the cause of action" and the harm alleged in determining the nature of a case. *See Shideler v. Dwyer*, 417 N.E.2d 281, 285-86, 288 (Ind. 1981).

Here, Mayberry alleges that in the course of their attorney-client relationship, Lenyo lied to him several times about the work that he was doing in preparation for the trial, was unprepared for trial, made several errors during the trial, and then lied about whether Mayberry and his family were allowed to speak at his sentencing hearing. ECF 28 at 4-6. The harm Mayberry identifies is being found guilty and sentenced to 75 years'

---

[1] Mayberry references the Indiana Tort Claims Act in his complaint. But the ITCA, Ind. Code § 34-13-3, et seq., applies to claims against governmental entities. Mayberry alleges that he retained Lenyo privately, which takes this outside the scope of the ITCA.

imprisonment. *Id.* at 8. He also alleges that as a result of his imprisonment, he incurred $200,000 in debt he could not pay because of his imprisonment. *Id.* The harm he incurred all stems from his attorney's allegedly deficient performance. He does not identify any theory why these additional claims would provide him relief beyond a legal malpractice action.

 Therefore, Mayberry may proceed only on the already identified legal malpractice claim. Allowing him to proceed on additional theories will unnecessarily complicate the case. *Cf. Hambright v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of Eighth Amendment claim because the same facts comprised a more applicable First Amendment claim); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"). And, just as before, once Lenyo has entered an appearance, the court will set a date for the parties to brief the question of whether this case should be stayed pending the resolution of Mayberry's postconviction petition. *See Mayberry v. Indiana*, No. 71D03-2105-PC-000008 (St. Joseph Super. Ct. filed May 6, 2021).

 For these reasons, the court:

 (1) GRANTS Timothy Marcus Mayberry leave to proceed against Mark S. Lenyo in his individual capacity for compensatory and punitive damages for legal malpractice while representing him in his 2019 State criminal trial;

 (2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Mark S. Lenyo at Lenyo Law with a copy of this order, the prior screening order (ECF 18), and the amended complaint (ECF 28);

(4) ORDERS Lenyo Law to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Mark S. Lenyo to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 15, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT